METROPOLITAN NAT. BANK *v.* ST. LOUIS DISPATCH CO. *et al.*

(*Circuit Court, E. D. Missouri, E. D.* March 22, 1889.)

1. EQUITY—PLEADING—AMENDED BILL CONTRADICTING ORIGINAL.

The original bill to foreclose a mortgage on tangible property, a good-will, and a share of stock, and two amended bills, alleged that the tangible property had been destroyed, and it was therefore held that complainant could obtain no relief in that suit. *Held*, that leave to file a third amended bill alleging the existence of the tangible property for the purpose of reaching the intangible property should be denied.

2. SAME—MOTION TO STRIKE OUT.

Where defendant objects on an application for leave to file an amended bill, and states that he will present his objection on motion to strike it out, the motion to strike out will be considered as if it were an application to file the bill with objections thereto.

In Equity. On motion to strike third amended bill from files.

Bill by Metropolitan National Bank against the St. Louis Dispatch Company and others. Motion by Dispatch Company.

*John M. Dickson* and *Jay L. Torrey*, for complainant.

*Lee & Ellis*, for defendants.

BREWER, J. In this case there is a motion to strike out the third amended bill. When application was made for leave to file this bill the

defendants' counsel objected, and stated that he would present his objection by motion to strike it out. So that we think it is fair to consider the matter pending before us as though it were an application to file this bill, with objections thereto. Perhaps, if leave was given to file an amended bill, and no objection was made, some other considerations might have force. But, treating it as above stated, it seems to us that this must be the rule to govern as applied to the facts in this case.

The bill was one to foreclose a mortgage. The property covered by the mortgage was certain tangible property, such as type, printing-presses, etc., the good-will of the Dispatch newspaper, and one share in the Associated Press. In all the prior bills the allegation was that the tangible property had long since been used up or destroyed. And we held[1] that, such being the case, the complainant could obtain no relief in this suit. The reasons which compelled this conclusion were fully explained in decisions heretofore filed. The tangible property being gone, there was nothing upon which to decree a foreclosure. Now, this amended bill changes entirely this fact, which has been adjudged a basal one, and alleges that that tangible property—the type, printing-presses, etc.—is still in existence, and in the possession of the principal defendant. Complainant now seeks to find a basis for reaching the other property in the alleged existence of that which it has heretofore claimed had no existence. In other words, a basal fact is now alleged, which heretofore has been denied. Not only that, but in the course of the argument counsel said he cared nothing for this tangible property; that was not what he was after. Where an amended bill is sought to be filed which is based upon allegations contradicting those in the prior bill, those allegations being of substantial and basal facts, it seems to us the court may properly refuse to allow it to be filed. The bill is not stating new and additional facts; it is not alleging in a fuller or different way facts hitherto averred; it is not an amended bill, but it is a bill contradicting the basis upon which complainant sought to proceed. Motion to strike out will be sustained.